## N. F. ALLEN *vs.* SAMUEL HUBBARD.

Wherever there has been a manifest mistake in the settlement of an account in the probate court, it is competent to the judge of probate, at any time before a final settlement of the estate, to arrest it in a subsequent account, provided there does not appear by the records of his court to have been a particular adjudication on the subject.

THIS was an appeal from a decree of the judge of probate in this county.

Henry Allen died, leaving H. F. Allen, and N. F. Allen (the appellant) his heirs at law, and Mary Allen his widow. Samuel Hubbard, the appellee, married the widow, and on the 7th May, 1813, was appointed administrator *de bonis non* of the estate of the said Henry, deceased.

On the 6th May, 1814, Hubbard settled his first account, and charged himself with two thirds of the rent of the farm of the deceased for the years 1811, 1812 and 1813, amounting to $379.98.

On the 8th May, 1817, he settled his second account, and charged himself with two thirds of the rent of the farm for three years, amounting to $300. The balance then found in his hands was $2610.96; and a decree of distribution was made by the judge of probate, allowing the widow,

who had before received $300,  .  .  .  .  .  .  .  .  $670.32.

To H. F. Allen,  .  .  .  .  .  .  .  .  .  970.32.

To N. F. Allen,  .  .  .  .  .  .  .  .  .  . 970.32.
_____
2610.96.

In March, 1834, N. F. Allen made application to the judge of probate to have an error in each of the said accounts corrected. The error was that the administrator had accounted only for two thirds of the rent of the farm, when he ought to have accounted for the whole. The amount thus omitted was $340. The judge of probate having refused to correct this mistake, this appeal was taken.

*Hubbard* and *Gilchrist*, for the appellee.

*Handerson*, for the appellant, contended that there was an error in this account, which might be, and which ought to be, corrected. The error is this : The whole amount of rent received by the administrator was  .  .  .  $1020.

From this sum he deducted his wife's share,  .  . 340.
_____
and accounted only for the balance,  .  .  .  .  .  . 680.

But this balance was included in the sum on which the decree of distribution was founded, so that the administrator retains $226.67—one third of the $680 under the decree of distribution. In fact he has retained $566.67, as his wife's share of the rent, more than one half instead of $340, her true share being one third.

This is not like the case, where a particular subject has been distinctly presented to the judge of probate, and he has acted upon it, and where any mistake must be corrected by an appeal. The question whether this administrator is chargeable for the sum we now claim to have allowed, has never been presented to the judge of probate. There has been no adjudication, and the mistake may be now corrected. 1 *Pick.* 157, *Stearns* vs. *Stearns* ; *ibid.* 530, *Stearns* vs. *Brown* ; 6 *Pick.* 422, *Saxon* vs. *Chamberlain* ; 9 *Pick.* 27, *Stetson* vs. *Bass*.

Richardson, C. J., delivered the opinion of the court.

It is manifest that the appellee in this case has received $340, for which he ought to have accounted, but for which he has not accounted. And if the heirs are not precluded by what has heretofore been done in the probate court, they are justly entitled to claim, and to have, two thirds of that sum, which is $226.67.

The question then is, whether any thing has been done in the probate court which is conclusive upon this subject?

It is not to be doubted, that a decision by a judge of probate, regularly made upon a matter within his jurisdiction, is conclusive against all the world. 6 *N. H. R.* 116, *Bryant* vs. *Albee.*

It has been settled, that the decisions of the judge of probate can be proved only by a record of his proceedings. 3 *N. H. R.* 309, *The Judge of Probate* vs. *Briggs.*

In this case the appellee rendered an account of rent received, but he did not render an account of the whole amount received. It does not appear that there was any controversy on the subject when the account was allowed by the judge, or even that his attention was called to the subject. It must be presumed that the sum omitted in the account was omitted by mistake and misapprehension, and that the mistake was not discovered by the judge, merely because the subject of the rent was not particularly examined by him, there being no objection in relation to the account of the rents.

But in order to make the decision of the judge of probate conclusive on the subject, it should appear by the record that a claim was made before him to charge the appellee with the money omitted, and that the claim was disallowed. If this appeared of record it would be conclusive.

We are of opinion that wherever there has been a manifest mistake in an account settled in the court of probate, it is competent to the judge of probate at any time before a

final settlement of the estate, to correct it in a subsequent account, provided there does not appear by the record to have been a particular adjudication upon the subject. Mistakes will sometimes unavoidably occur, and it is just and reasonable that they should be thus corrected. 9 *Pick.* 27, *Stetson* vs. *Bass ;* 1 *do.* 157, *Stearns* vs. *Stearns ;* 14 *do.* 105, *Field* vs. *Hitchcock.*

The cause must be sent back to the judge of probate, with directions to reëxamine the accounts, and correct all errors in respect to which there does not appear to have been a particular adjudication.